RAMÓN MONTANER, MANAGER OF THE STATE INSURANCE FUND, Petitioner, v. INDUSTRIAL COMMISSION OF PUERTO RICO, ETC.; Respondent, and SANTOS TORRES and RAMONA RODRÍGUEZ, petitioners before the Commission.

No. 170. Argued May 29, 1939.—Decided July 24, 1939.

B. *Fernández García,* Attorney General, E. *de Aldrey,* Assistant Attorney General, and *Víctor J. Vidal González* and *Guillermo Atiles Moreu* (Attorneys for the Insurance Fund), for petitioner; M. *León Parra,* for respondent; J. *Valldejuli Rodríguez,* for petioners before the Commission.

MR. JUSTICE DE JESÚS delivered the opinion of the Court.

Rodrigo Rodríguez was an Insular Policeman who was on duty in Naguabo on March 24, 1938. On the night of said day, he was carrying an investigation in the house of Herminio Espinosa, in De Diego Street of said town, pursuing a man of bad character who used to visit the house men-

tioned. He could not find the man he was looking for, but while he was in the neighborhood of the place, which according to the evidence was considered dangerous to the Police, a man named Luis Meléndez, an enemy of Policeman Rodríguez, arrived. As appears from the evidence, said Meléndez stated in the presence of the policeman that he and said policeman were enemies and that "they had a grudge against each other", due to the fact that Rodríguez had filed a complaint against him and he had had to serve some months in jail. The policeman manifested that he had to file said complaint in the fulfillment of his duties. The language used by Meléndez in addressing the policeman was disrespectful and challenging, according to the evidence. The argument reached such a point, that the policeman divested himself of the revolver he was carrying and engaged into a personal fight with Meléndez. The later was able to grab the policeman's revolver and fired at him several times killing him.

The Manager of the State Fund decided that the policeman had unnecessarily entered into a personal argument with Meléndez after having finished the investigation in Espinosa's house, and that consequently his death did not result as a consequence of the fulfillment of his duties as insular policeman. For these reasons he denied the compensation requested by the policeman's beneficiaries.

The latter appealed before the Industrial Commission which reversed the order of the Manager of the State Fund and held that Rodrigo Rodríguez lost his life due to an accident which resulted from an act or doing incidental to his employment, and which occurred in the course of and as a consequence of the same, and that the petitioners, his widow Ramona Rodríguez Torres and his mother Santos Torres González, were dependent on the deceased's salary and had a right to the compensation determined by law.

Feeling aggrieved by said order, the Manager of the State Fund moved for the reconsideration of the same, and

after his motion had been denied, he filed this writ for review assigning the following errors to the Industrial Commission:

"1.—The Industrial Commission of Puerto Rico committed error in admitting in evidence and considering, to decide the instant case, a copy of the report of the happenings relative to the death of Policeman Rodrigo Rodríguez, drawn by the Insular Police, as said report constitutes hearsay evidence, incompetent to establish the facts which were sought to be proved.

"2.—The Industrial Commission erred in admitting in evidence and considering in its decision, for the purpose of determining the compensability of the case, the testimony of Mr. Francisco A. Irizarry in regard to the payment made to the widow of the Insular Policeman Rodrigo Rodríguez, in accordance with the provisions of Act No. 14 of 1915 (page 45) entitled: "An Act providing compensation for the lives of members of the Insular Police who die in the discharge of their duty, and for other purposes," as said evidence is immaterial, hearsay evidence and irrelevant.

"3.—The Industrial Commission erred in deciding that the death of policeman Rodrigo Rodríguez occurred as a consequence of an act or doing incidental to his employment and that it occurred in the course of and as a consequence of the same."

 In our opinion, disregarding the evidence to whose admision appellant objects, there exists evidence sufficient and relevant enough to uphold the order of the Industrial Commission, and in consequence it would be academic to decide whether or not the Commission erred in admitting the evidence objected to by the petitioner. The following paragraphs of the order appealed from, of March 21 last, clearly state the findings of facts and conclusions of law arrived at by the Commission, and with which we entirely agree:

"Precisely, it was due to the fact that he was fulfilling his duties as insular policeman that Policeman Rodrigo Rodríguez had the accident which culminated in his death. The evidence is clear as to the fact that Policeman Rodríguez, when the argument which had such a tragic ending arose, was fulfilling his duty, practicing a search in the house of Luis Espinosa looking for a man named Torrentino, who was accused of larceny. And the evidence tells us, besides, that that place—a bawdy house—was frequently visited by Torrentino;

and it was at the time when, once the search had been made and the policeman talked to the owner of the house, suggesting that if he should see said man, to let him (the policeman) know, it was then that Luis Meléndez Caballer entered into said house, a man who had a grudge against the policeman because on a prior occasion the policeman had filed a complaint aga nst him, and as a consequence thereof, he had been imprisoned for three months. It could not be held in consequence that when the accident which deprived Policeman Rodríguez of his life occurred, the latter was not in the discharge of his duties, and that it was not the consequence of his duties as such policeman, as the evidence has shown the ill feeling which Lu s Meléndez Caballer had toward Policeman Rodríguez for the reason that the latter had filed a complaint against him and he had had to extingu sh a sentence.

"The cases are numerous which the Industrial Commiss on has had to dec de, under the Workmen's Compensation Act in force where the beneficiaries of those who have died in the discharge of their offic al duties have been denied compensation by the Manager of the State Insurance Fund, and although the case at bar differs in certa n respects from the ordinay cases, as it could be alleged that the cause which gave rise to the argument between the policeman and Luis Meléndez Caballer was somewhat remote, nevertheless we are of the opinion that if it had not arisen due to that circumstance, the argument which had such a tragic ending would never have taken place."

By virtue of the foregoing reasons, the order appealed from, entered in the case I. C. No. 4919, of March 21 last, is affirmed.

Mr. Justice Travieso took no part in the decision of this case.